Green, J.
delivered the opinion of the court.
This is a presentment against the plaintiff in error for gaming, by betting on a horse race run along a public road.
To this indictment the defendant pleaded, that he had been indicted for running a horse race along a public road, and had been convicted thereof on his own confession, and punished *509 therefor; and that said horse race, for running which he had been so convicted and punished, and the horse race for betting on which he is presented, is one and the same horse race.
To this,plea the Attorney General demurred, the court sustained the demurrer, and fined the defendant.
The only question is, whether under the act of 1833, ch. 10, sec. 2, a party may be prosecuted, in two cases, for betting on and running a horse race. It is contended by the Attorney General that he may; that the betting on a horse race is a distinct offence, and that the running a horse race along a public road is also an offence, although the party make no bet; and therefore, that one person might be indicted for running the race, and another for betting on it, and that if the defendant commit both offences, he may be punished for each. -
This reasoning is plausible, but we cannot think it sound. It is necessary that the race should be .run in order to constitute a betting on it the offence of gaming. The running of the race being therefore, a necessary ingredient in the offence here charged, and the party having been punished for that offence we do not think he can be indicted in another case, where, though the offence is different, the same facts are necessarily charged, as if he be punished for an assault, he cannot after-wards be indicted for a battery, which includes the same assault for which he had been previously convicted.
Reverse the judgment.